## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Willie K. Henderson,                                                                     Civil No. 12-12 (DWF/FLN)

              Plaintiff,

v.                                                                               **MEMORANDUM**
                                                                                 **OPINION AND ORDER**

The City of Minneapolis (Minneapolis Convention
Center – "MCC"); Jeff Johnson, individually
and in his capacity as Assistant City Coordinator
and Executive Director of the MCC; G. Jack Barr,
individually and in his capacity as former Event
Operations/Production Services Manager and
current Manager; Archie Carlos, individually and
in his capacity as Human Resources Manager; Kurt
Hicok, individually and in his capacity as Production
Services Sr. Supervisor; Gregory Langford,
individually and in his capacity as Event Operations
Sr. Supervisor; Steve Egan, individually and in his
capacity as Shift Supervisor; Sheldon Drew, individually
and in his capacity as Shift Supervisor; Chad Leverson,
individually and in his capacity as Shift Supervisor;
Don Perry, individually and in his capacity as former
Shift Supervisor; Don Moody, individually and in his
capacity as former Shift Supervisor; Cheryl Arnett
Senou, individually and in her capacity as OMS; John
Zasada, individually and in his capacity as former Shift
Supervisor, Setup and current Supervisor, Security &
Safety; Eric Olson, individually and in his capacity as
a CAS operator and Avalon Security Guard contracted
with or employed by MCC; Per Mar Security & Research
Corp., dba Per Mar Security Services; and Omar Dahir,
Individually and in his capacity as Per Mar Security Guard,

              Defendants.

Christopher R. Walsh, Esq., Walsh Law Firm, counsel for Plaintiff.

Darla J. Boggs and Gregory P. Sautter, Assistant City Attorneys, Minneapolis City Attorney's Office; and Chad A. Staul, Esq., Wessels Sherman Joerg Liszka Laverty Seneczko PC, counsel for Defendants City of Minneapolis, Jeff Johnson, G. Jack Barr, Archie Carlos, Kurt Hicok, Gregory Langford, Steve Egan, Sheldon Drew, Chad Leverson, Don Perry, Don Moody, Cheryl Arnett Senou, John Zasada, and Eric Olson.

Chad A. Staul, Esq. and James B. Sherman, Esq., Wessels Sherman Joerg Liszka Laverty Seneczko PC, counsel for Defendants Per Mar Security & Research Corp. and Omar Dahir.

## INTRODUCTION

This matter is before the Court on a Joint Motion for Order to Show Cause brought by all served Defendants[1] (Doc. No. 128), and a Motion for Sanctions brought by the Per Mar Defendants (Doc. No. 137). For the reasons discussed below, the Court grants both motions.

## BACKGROUND

This case involves allegations that Plaintiff was discriminated and retaliated against under various federal and state statutes. Both City Defendants and the Per Mar Defendants moved separately for summary judgment on Plaintiff's claims. By Order

---

[1] These Defendants include the City of Minneapolis, Jeff Johnson, G. Jack Barr, Archie Carlos, Kurt Hicok, Gregory Langford, Steve Egan, Sheldon Drew, Chad Leverson, Don Perry, Don Moody, Cheryl Arnett Senouu, and John Zasada (together, the "City Defendants"), and Per Mar Security & Research Corp. d/b/a Per Mar Security Services ("Per Mar") and Omar Dahir ("Dahir") (together, the "Per Mar Defendants").

dated October 16, 2013, the Court granted both motions and dismissed Plaintiff's Complaint in its entirety. (Doc. No. 124.) Plaintiff appealed the Court's decision. (Doc. No. 142.) Prior to the appeal, the present motions were filed.[2]

## DISCUSSION

### I. Motion for Sanctions

The Per Mar Defendants move for Rule 11 sanctions against Plaintiff's attorney, Christopher R. Walsh. As an initial matter, the Court notes that even though judgment has been entered and Plaintiff has filed an appeal in this case, the Court retains jurisdiction to impose sanctions. *See, e.g.*, *Murphy v. Aurora Loan Servs., LLC*, 859 F. Supp. 2d 1016, 1019 (D. Minn. 2012); *Mortice v. Providian Fin. Corp.*, 283 F. Supp. 2d 1084, 1087 n.1 (D. Minn. 2000).

Rule 11(b) of the Federal Rules of Civil Procedure requires an attorney to certify to the Court (to the best of the person's knowledge, information, and belief, formed after a reasonable inquiry) that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable

---

[2] Plaintiff responded to the present motions by filing a document titled "Plaintiff's Memorandum Opposing Defendants' Motions and Affidavits Seeking Attorney Fees for Their Motion to Strike; Opposing Their Taxation and Bill of Costs; and in Support of Plaintiff's Motion Seeking to Vacate and Reconsider All Orders and Requests of Costs and Attorney Fees by Defendants." (Doc. No. 158.) The Court considers the portions of the filing that oppose the motions before the Court. However, any portion of the filing that purports to constitute a separate objection or a new motion is improperly before the Court and will not be considered.

opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). An attorney who violates Rule 11 may be sanctioned. Fed. R. Civ. P. 11(c)(1).

In evaluating a Rule 11 motion, the Court determines "whether the attorney's conduct, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Clark v. United Parcel Serv., Inc.*, 460 F.3d 1004, 1009 (8th Cir. 2006) (quotations omitted). The primary purpose of imposing sanctions under Rule 11 is "to deter attorney and litigant misconduct." *Kirk Cap. Corp. v. Bailey*, 16 F.3d 1485, 1490 (8th Cir. 1994).

Per Mar's lead counsel has submitted declaration testimony of the following facts: (1) in February 2013, prior to the depositions of Plaintiff and Dahir, Per Mar's attorney asked Mr. Walsh to withdraw claims against the Per Mar Defendants for lack of merit or factual support; (2) after the depositions, Per Mar's attorney again asked Mr. Walsh to withdraw the claims and noted his intention to move for summary judgment and potentially seek Rule 11 sanctions; (3) in response, Mr. Walsh made a settlement demand in the amount of $10,000; (4) on April 1, 2013, Per Mar Defendants served Plaintiff with their motion for Rule 11 sanctions, in accordance with the safe harbor provisions of Rule 11; and (5) on October 18, 2013, after the Court granted the Per Mar Defendants' motion for summary judgment and dismissed Plaintiff's claims with prejudice, Mr. Walsh e-mailed Per Mar's attorney indicating that Plaintiff was considering "refiling" or bringing new claims against the Per Mar Defendants, but offered to forgo doing so in exchange for a settlement payment of $10,000. (Doc. No. 140 ("Sherman Decl.") ¶¶ 2-8 & Ex. A.) The Per Mar Defendants further submit evidence that they have

incurred attorney fees in the amount of $10,860 defending against Plaintiff's claims since serving their Rule 11 motion on April 1, 2013.  (*Id.*)[3]

The Court's Order granting Defendants' motion for summary judgment in this matter concluded, with respect to the Per Mar Defendants, that Plaintiff's claims lacked evidentiary support.  The Court also commented on the conduct of Mr. Walsh, noting: that Mr. Walsh was evasive during discovery (in particular, that he refused to apprise the Per Mar Defendants of the claims and allegations against them); and that Mr. Walsh improperly referenced and used identical allegations from other lawsuits that were not part of the record in this case.  (Doc. No. 124 at 7-10.)  The Court's conclusions in its Order granting the Per Mar Defendants' motion for summary judgment are similar to the assertions made by the Per Mar Defendants in their Rule 11 motion.  (*See, e.g.*, Sherman Decl. ¶ 4, Ex. A.)

The Per Mar Defendants argue that sanctions are appropriate in this case because Mr. Walsh lacked evidentiary support to bring his claims against the Per Mar Defendants, and yet he persisted to assert the claims despite never developing support for them through discovery.  In addition, the Per Mar Defendants contend that Mr. Walsh persists even now in vigorously maintaining the unsupported claims against them, even after the Court has issued its ruling on summary judgment.

---

[3]     There is no dispute that the Per Mar Defendants complied with the 21-day safe harbor rule.  *See* Fed. R. Civ. P. 11(c)(2).

Based on the record before it, the Court concludes that sanctions against Mr. Walsh under Rule 11 are appropriate. The record clearly establishes that Mr. Walsh asserted and maintained unsupported claims against the Per Mar Defendants after it became apparent that the claims should have been dismissed. Moreover, the Complaint filed by Mr. Walsh contained over 200 paragraphs of allegations, some of which were identical, or nearly identical, to pleadings filed by Mr. Walsh in a separate case with a different plaintiff. (*See* Doc. No. 124 at 8.) In addition, the Complaint was not clear as to which of the numerous defendants each claim was asserted against. (*Id*.) When asked by the Per Mar Defendants to clarify matters during discovery, Mr. Walsh gave evasive responses. (Sherman Decl., Ex. A ¶¶ 1-3.) The Court therefore finds that an appropriate sanction is to require Mr. Walsh to pay the attorney fees and costs incurred by the Per Mar Defendants since filing their Rule 11 motion. The Per Mar Defendants have submitted a declaration demonstrating that they have incurred fees in the amount of $10,860 since serving their Rule 11 motion.[4] The Court has reviewed the declaration and finds the fees to be reasonable. Thus, the Court orders Mr. Walsh to pay these fees. In addition, the Court orders Mr. Walsh and Plaintiff to first seek and be granted leave of this Court prior to filing any further claims against the Per Mar Defendants.

---

[4]  These fees exclude those expended prior to April 1, 2013, those related to the Per Mar Defendants' motion to strike, and fees already awarded as a sanction for their joint motion to strike the affidavit of Mr. Walsh. (Sherman Decl. ¶ 7.)

**II.     Motion for Contempt**

All served Defendants move for an order to show cause as to why Mr. Walsh should not be held in contempt for failing to comply with the Court's Orders dated February 5, 2013 and February 13, 2013. On February 5, 2013, the Court ordered Mr. Walsh to pay the Per Mar Defendants' reasonable attorney fees and costs in the amount of $1,174.50 in connection with a previously ruled upon motion to compel. (Doc. No. 46.) On February 14, 2013, the Court ordered Mr. Walsh to pay Defendant City of Minneapolis reasonable attorney fees and costs in the amount of $2,488.25, also in connection with a previously ruled upon motion to compel. (Doc. No. 53.) Defendants have submitted evidence that Plaintiff has failed to pay any amount of the Court-ordered sanctions. (Doc. No. 130 ("Staul Decl.") ¶ 3; Doc. No. 127 ("Boggs Aff.") ¶ 8.)

"The court may hold a party violating a discovery order in contempt of court." *Edeh v. Carruthers*, Civ. No. 10-2860, 2011 WL 4808194, at *2 (D. Minn. Sept. 20, 2011) (citing Fed. R. Civ. P. 37(b)(2)(A)(vii)). "Civil contempt may be employed either to coerce the defendant into compliance with a court order or to compensate the complainant for losses sustained, or both." *Chi. Truck Drivers v. Brotherhood Labor Leasing*, 207 F.3d 500, 504 (8th Cir. 2000) (citation omitted). An overarching goal of the Court's contempt power "is to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject." *Id.* (citation omitted).

A party seeking civil contempt must prove by clear and convincing evidence "that the alleged contemnors violated a court order." *Id*. at 505 (citation omitted). If the

7

movant produces clear and convincing evidence, "the burden . . . shift[s] to the [alleged contemnors] to show an inability to comply." *Id.* (citation omitted).  "A mere assertion of 'present inability' is insufficient to avoid a civil contempt finding." *Edeh*, 2011 WL 4808194, at *3.  Alleged contemnors defending on the ground of inability must establish: (1) that they were unable to comply, explaining why "categorically and in detail;" (2) that the inability to comply was not "self-induced"; and (3) that they made good faith efforts to comply.  *Id.* (quotation omitted).

Here, there is clear and compelling evidence that Mr. Walsh has refused to comply with the Court's February 5, 2013 and February 13, 2013 Orders requiring him, respectively, to pay Per Mar Defendants reasonable attorney fees and costs in the amount of $1,174.50, and to pay Defendant City of Minneapolis reasonable attorney fees and costs in the amount of $2,488.25.  (Doc. Nos. 46, 53.)  Moreover, Mr. Walsh has not demonstrated to the Court an inability to comply with those orders.[5]  Finally, it appears that Mr. Walsh simply intends to disregard the orders of the Court without attempting to explain or justify his non-compliance.  This disregard is not acceptable and cannot be countenanced.  Thus, the Court grants Defendants' motion for an order to show cause requiring Mr. Walsh to appear and show cause as to why he should not be held in contempt.

---

[5]   Mr. Walsh alludes to his inability to pay, but has not made any meaningful effort to demonstrate, in detail, an inability to pay or to otherwise establish any good faith effort to comply with the orders.

## ORDER

For the reasons stated above, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion for Order to Show Cause (Doc. No. [128]) is **GRANTED**.

    a. Plaintiff's attorney is hereby ordered to appear and show cause as to why he should not be held in civil contempt for failing to comply in good-faith with the Court's Orders dated February 5, 3013 and February 13, 2014.  Plaintiff shall appear before Judge Donovan W. Frank on Friday, May 30, 2014 at 2:30 p.m. in Courtroom 7C in St. Paul. Minnesota.

2. Per Mar Defendants' Motion for Sanctions (Doc. No. [137]) is **GRANTED**.

    a. Plaintiff's attorney shall pay the Per Mar Defendants attorney fees and costs in the amount of $10,860.

    b. Mr. Walsh and Plaintiff must first seek and be granted leave of this Court prior to filing any further claims against the Per Mar Defendants.

Dated:  March 21, 2014                         s/Donovan W. Frank
                                               DONOVAN W. FRANK
                                               United States District Judge